**In re SCHWECHLIK.**

Court of Common Pleas of Ohio,
Probate Division, Columbiana County.

No. 97 ES 0045.

Decided Nov. 21, 1997.

*Larry G. Cecil,* for the estate.

*Thomas M. Baronzzi,* for Ruth Ziegler.

---

C. ASHLEY PIKE, Judge.

The issues in this case, having been taken under advisement by this court's order of October 30, 1997, now come on for decision.

Alfred Schwechlik died a resident of Columbiana County, Ohio, on January 17, 1997, as a single, unmarried male. Over three years prior to his death, the decedent established a certificate of deposit in the name of himself, "Alfred C. Schwechlik, or Ruth Schwechlik, jointly with rights of survivorship." The certificate was created at the Citizens Banking Company on September 13, 1993.

By the time he created the instrument, Alfred C. Schwechlik was already in a romantic relationship with one Ruth Zeigler, to whom he had previously proposed marriage. She had declined.

The evidence reveals and the court finds that the decedent had offered Ruth Zeigler an entire financial package if she married him, of which the certificate of deposit was only a portion. The extent of the package was at least $100,000 and perhaps as much as $150,000. The only condition was that, upon acceptance of the monies, Ruth Zeigler was to then execute a prenuptial agreement forfeiting her rights to any other property owned by Alfred C. Schwechlik.

Ruth Zeigler herself indicated that she pressed Schwechlik to amend the certificate to state her proper name of Ruth Zeigler. The decedent, an intelligent and sophisticated individual in financial matters, refused. The evidence further indicates that the decedent told at least one individual about the existence of the survivorship certificate of deposit and pointed out that it would be worthless to Ruth unless she married him and became Ruth Schwechlik. Custody of the certificate remained with Schwechlik, although he may have on occasion left it, with other papers, in the temporary custody of Ruth Zeigler. The court is satisfied that no gift of the certificate was ever intended or made to Ruth Zeigler.

No credible evidence was presented to indicate that Ruth Zeigler was ever known as Ruth Schwechlik, even though she and the decedent may have represented themselves as husband and wife in certain very limited social situations. Ruth's request to Schwechlik that the certificate of deposit be changed to reflect her proper name of Ruth Zeigler indicates to the court that she did not consider herself to have ever legally been known as Ruth Schwechlik. The decedent's refusal to change the certificate of deposit and his continued request that she marry him to make her eligible for the certificate demonstrate to the court that he likewise never considered Ruth Zeigler to be Ruth Schwechlik.

The certificate of deposit was listed on the inventory by the fiduciary herein. Exceptions were taken to it by Ruth Zeigler, claiming that she was also known as Ruth Schwechlik.

This court's analysis of the issues in this matter must begin with the case of *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, which held as follows:

"The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of mental capacity on the part of the decedent is conclusive evidence of the his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death." *Id.* at paragraph two of the syllabus.

There is no evidence of any fraud, duress, undue influence or lack of mental capacity on the part of the decedent.

The *Bloom* case brought predictability of result to this traditionally murky area of the law. The Ohio Supreme Court did so by the utilization of contract principles.

The very narrow issue which this court must decide is whether this particular woman is the beneficiary of this survivorship instrument regardless of her name or whether the beneficiary of the certificate of deposit can only be the person legally known as Ruth Schwechlik.

As a result of *Bloom*, courts are no longer called upon to decide issues of intent, since the holding in *Bloom* makes the very opening of such a survivorship instrument conclusive evidence of intent. As previously stated, there is no substantial evidence whatsoever that Ruth Zeigler was ever known as Ruth Schwechlik. That factor alone should seem sufficient to cause this court to conclude that the contractual arrangement attempted by Albert Schwechlik has failed and that, therefore, the proceeds from the certificate of deposit remain an asset in his estate.

Further, it is worthwhile to emphasize that what was attempted here by the decedent, Albert Schwechlik, was a type of financial enticement aimed at encouraging Ruth Zeigler to sign a prenuptial agreement and then to marry him. Such financial enticement is altogether legal. The only method that the decedent could employ to protect the certificate from a spurious claim by Ruth Zeigler after his death was to use the name of "Ruth Schwechlik." In that way the decedent could be sure that Ruth Zeigler had to have married him before his demise to be eligible to claim the certificate of deposit as her own. The ability of Schwechlik to guarantee the described result stems from the very predictability which the *Bloom* decision provides.

Accordingly, the court holds on the authority of *Bloom* that the plain words of the certificate of deposit control and that Ruth Zeigler, in declining the marriage proposal, opted ·not to be known as Ruth Schwechlik, the wife of Alfred C. Schwechlik. The testimony of Ruth Zeigler indicates that she firmly declined to be Ruth Schwechlik during the decedent's life, and this court therefore declines to find that she became Ruth Schwechlik after the decedent's death.

The exceptions of Ruth Zeigler to the inventory are therefore overruled and dismissed, and the proceeds of the certificate of deposit are deemed to be probate assets in the decedent's estate.

Costs taxed to the exceptor, Ruth Zeigler.

*So ordered.*